**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ROBERTO ANTONIO QUINTANILLA-RIVAS; HILDA LISSETH CANJURA-MANCIA; J.M.G.; D.A.Q., | No. 24-2293 |
| | Agency Nos. |
| Petitioners, | A220-605-172 |
| | A220-939-890 |
| v. | A220-939-891 |
| | A220-939-892 |
| PAMELA BONDI, Attorney General, | |
| | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2025**
San Francisco, California

Before: S.R. THOMAS, PAEZ, and MILLER, Circuit Judges.

Roberto Antonio Quintanilla-Rivas, his partner Hilda Lisseth Canjura-

Mancia, their minor son D.A.Q., and Ms. Canjura-Mancia's minor son J.M.G., all

natives and citizens of El Salvador, petition for review of the Board of Immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appeals' ("the Board") dismissal of their appeal of an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

We have jurisdiction pursuant to 8 U.S.C. § 1252. "Our review is limited to the [Board]'s decision, except to the extent that the IJ's opinion is expressly adopted." *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2023) (quoting *Khudaverdyan v. Holder*, 778 F.3d 1101, 1105 (9th Cir. 2015)). We review legal conclusions de novo and factual findings for substantial evidence, only overturning factual findings "when any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting *Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021)).

We assess the family's applications together based on Mr. Quintanilla-Rivas's application, following the Board's approach. The children are derivative beneficiaries of their parents' applications and the family agreed at their hearing that Ms. Canjura-Mancia had "the same claim" as Mr. Quintanilla-Rivas. Mr. Quintanilla-Rivas was the only family member to submit a declaration and testify, and no other family member presented evidence of separate harms. There is thus no need to independently evaluate the family's applications.

I

Substantial evidence supports the Board's finding that Mr. Quintanilla-Rivas did not suffer harm rising to the level of past persecution or establish a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b). Mr. Quintanilla-Rivas alleged two sources of harm before the agency: 1) past and future harm from the MS-13 gang and a member named "Demente" and 2) future harm from the network of human traffickers he is testifying against.

First, the death threat that Mr. Quintanilla-Rivas received from Demente is not, on its own, severe enough to compel a finding of past persecution. Threats alone rarely constitute persecution and are more likely to rise to that level when they are "repeated, specific and 'combined with confrontation or other mistreatment.'" *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (quoting *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000)). Here, the single vague threat from Demente was accompanied by no other mistreatment and does not compel a finding of past persecution. *See id.* (finding no past persecution where petitioner received two death threats from a group of "hitmen" without any accompanying acts of violence).

Second, substantial evidence supports the finding that any future harm Mr. Quintanilla-Rivas fears from Demente and MS-13 lacks a nexus to a protected

3

ground. Mr. Quintanilla-Rivas did not provide sufficient evidence that any harm would be on account of his or his family's membership in a family-based particular social group because he and Ms. Canjura-Mancia both have family members residing safely in El Salvador. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 889-90 (9th Cir. 2021) (affirming the Board's finding that the "inference of a nexus" to a family-based social group was "undermined by the fact that other family members continue to reside" safely in the petitioner's home country). Additionally, by refusing to assist MS-13 or pay extortion money, Mr. Quintanilla-Rivas neither became a member of a cognizable particular social group ("persons taking concrete steps to oppose criminal activity") nor expressed an "anti-gang" political opinion. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (a noncitizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Mr. Quintanilla-Rivas also has not exhausted his claim of a nexus to his religious identity. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

Finally, substantial evidence supports the finding that Mr. Quintanilla-Rivas lacked an objectively reasonable fear of future persecution by the human trafficker network. *See Duran-Rodriguez*, 918 F.3d at 1029 (petitioner must "show[] both a subjective fear of future persecution, as well as an objectively 'reasonable

4

possibility' of persecution" (citation omitted)). Any harm was speculative and unsupported by specific evidence, given that no one from the network had attempted to contact anyone in his family or in any way threatened him. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (petitioner's fear of a political party regaining power was "too speculative to be credited" because there was "no specific evidence").

The Board's denial of asylum is thus supported by substantial evidence.

II

For similar reasons, the Board's denial of withholding of removal is also supported by substantial evidence. Because Mr. Quintanilla-Rivas cannot establish past persecution by MS-13, or a well-founded fear of future persecution by the human trafficker network, he cannot meet the more stringent standard for withholding of removal. *Singh,* 57 F.4th at 658. Additionally, while the nexus standard for withholding is less stringent, Mr. Quintanilla-Rivas's claim of future harm by MS-13 still fails because there was no evidence of nexus at all. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (there is "no distinction between the 'one central reason' phrase in the asylum statute and the 'a reason' phrase in the withholding statute" where "there was no nexus at all").

## III

Substantial evidence supports the Board's determination that Mr. Quintanilla-Rivas did not establish eligibility for CAT relief. Mr. Quintanilla-Rivas did not demonstrate that a public official would consent to or acquiesce in his torture, which is an essential element of a CAT claim. 8 C.F.R. § 1208.18(a)(1). He testified to the contrary that Salvadoran officials were actively prosecuting the human trafficker network and submitted record evidence that the government was increasing its enforcement against gangs. Mr. Quintanilla-Rivas thus did not establish that the government would acquiesce in his torture by either MS-13 or the human traffickers.

**PETITION DENIED.**